■ In the Matter of the Claim of LENA DABADY, Appellant. COMMISSIONER OF LABOR, Respondent. [740 NYS2d 738] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 7, 2001, which, upon reconsideration, adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant and the employer presented contrary testimony regarding the events that led to the loss of claimant's employment. Claimant testified that on the last day of her employment as a management trainee at a fast-food restaurant, her supervisor fired her for permitting another employee to leave the premises. Claimant's supervisor testified, however, that he did not fire claimant for this infraction, but simply informed her that she lacked the leadership skills to be a manager. Claimant became incensed by this assessment and quit despite there being other work for her to perform.

The Unemployment Insurance Appeal Board ultimately ruled that claimant lost her employment under disqualifying circumstances, having resigned for personal and noncompelling reasons at a time when continuing work was available. Substantial evidence in the form of the testimony given by claimant's supervisor, with supporting documentation, supports the Board's decision. Hard feelings caused by the critical remarks of a supervisor do not usually constitute good cause for resigning (*see, Matter of Simon [Commissioner of Labor]*, 276 AD2d 961, 962, *lv dismissed and denied* 96 NY2d 728; *Matter of Grippi [Commissioner of Labor]*, 257 AD2d 883, 884).

Claimant's contrary testimony, in which she averred that she was discharged from her employment, raised issues of credibility for resolution by the Board (*see, Matter of Parisi [Commissioner of Labor]*, 284 AD2d 881; *Matter of Toth [Sweeney]*, 244 AD2d 752, 753). The remaining contentions expressed by claimant have been reviewed and found to be without merit.

Peters, J.P., Spain, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.